UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS                                                              Plaintiff

v.                                                                Civil Action No. 3:23-CV-126-RGJ

JUDGE DAVID J. HALE                                                                 Defendant

\* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Gene DeShawn M. Watkins's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss Plaintiff's claims.

**I.**

On March 15, 2023, Plaintiff initiated this *pro se* action. [DE 1]. Plaintiff sued United States District Judge David Hale. Plaintiff's complaint is extremely sparce stating only that "Judge David J. Hale did racial Bias and Racial Discrimination." [*Id.* at 5]. Along with his complaint, Plaintiff filed a motion for "interfering in a federal investigation" that sets forth more details regarding his claims. [DE 2]. The crux of Plaintiff's allegations is that Judge Hale dismissed "his case" which Plaintiff characterizes as racial discrimination, obstruction of justice, and interference in a federal investigation. [*Id.* at 1]. The narrative portion of the motion essentially describes the case(s) that Plaintiff previously filed in federal court and how he perceives that his claims were wrongfully rejected. [*Id.* at 1–2].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Immunity extends to complaints arising out of judicial conduct in criminal as well as civil suits. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial immunity can be overcome in only two situations--for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Stump*, 435 U.S. at 356–57. Neither of these exceptions to judicial immunity is applicable here.

Plaintiff's allegations against Judge Hale clearly arise from his role as a judge in Plaintiff's previous cases before him. Plaintiff does not allege that Judge Hale lacked jurisdiction over his civil cases. Nor do the claims arise from any action outside of Judge Hale's judicial capacity. Consequently, Judge Hale is protected by judicial immunity, and Plaintiff's claims against him must be dismissed for seeking monetary relief against a defendant who is immune from such relief.

### IV.

For these reasons, the Court will dismiss the action by separate Order.

Date: July 10, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.014